ZILLES, APPELLEE, *v.* ALBERTSON, APPELLANT.

(No. OT-83-19—Decided October 28, 1983.)

*Mr. Frank H. Bennett,* for appellee.
*Ms. Laure A. Wagner,* for appellant.

DOUGLAS, J. This case comes before this court on appeal from judgment of the Port Clinton Municipal Court.

On May 25, 1982, appellee, Della Zilles, filed a complaint in the Port Clinton Municipal Court against appellant, Charles Albertson, Sr., seeking to recover damages in the amount of $1,205.05 allegedly sustained as a result of appellant's breach of a contract to sell a truck to appellee. The undisputed terms of the contract entered into by the parties in May 1981, were as follows: Appellant agreed to sell appellee a 1978 Chevrolet truck for a downpayment of $500 and the payment of the installments remaining on a loan which appellant had secured from the Port Clinton National Bank and for which appellant had given title to the truck as collateral. Appellee was to assume responsibility for the payment of the installments as of April 1981. Ap-

pellee was to receive immediate possession of the truck and title was to be transferred upon payment in full of the loan.

The dispute between the parties arose, subsequently, when appellant removed the truck from appellee's possession and sold the truck to a third party. In her complaint, appellee alleged that appellant had wrongfully removed the truck from her possession and sought to recover that portion of the purchase price already paid to appellant. In his answer, appellant admitted to removing the truck from appellee's possession, but asserted as a defense nonpayment of the August 1981 and September 1981 installments. Thereafter, both parties filed motions for summary judgment.

The facts and circumstances of the dispute between the parties, as adduced from the pleadings, the parties' affidavits, and the documents submitted to the trial court, are as follows: Appellee paid appellant $500 as and for the down-payment and paid the Port Clinton National Bank $705.05 as and for the April, May, June, July and August 1981 installments on the loan. Apparently, however, appellant had failed to pay the March 1981 installment on the loan. Consequently, the bank applied appellee's payment first to the overdue March 1981 installment.

Appellant was, therefore, subsequently informed that the August 1981 installment was overdue. When appellant went to the bank to inquire about the status of the loan, one of the loan officers also informed appellant that the September 1981 installment was due. Appellant proceeded to pay both the August 1981 and September 1981 installments. Appellant then removed the license plates from the truck to prevent appellee from using it

and, later, removed the truck from appellee's possession altogether. Appellant, subsequently, sold the truck to a third party.

On April 22, 1983, after a hearing held on the parties' motions for summary judgment, the trial court announced its decision, rendering judgment in favor of appellee and awarding appellee $1,205.05, plus interest and costs. On April 28, 1983, appellant filed a motion for leave to file an amended answer to state a counterclaim for the value of appellee's use of the truck. On April 29, 1983, the trial court denied appellant's motion. On June 2, 1983, the trial court's decision was journalized. Whereupon, appellant timely instituted this appeal, presenting the following assignments of error:

"1. The trial court erred in denying defendant's motion for summary judgment.

"2. The trial court erred in granting plaintiff's motion for summary judgment.

"3. The trial court erred in denying defendant's motion for leave to file an amended answer and counter-claim."

We shall consider appellant's first and second assignments of error together for the reason that related issues are raised therein. In his first assignment of error, appellant contends that the trial court erred in denying appellant's motion for summary judgment, appellant being entitled to judgment as a matter of law for the reasons that appellee had failed to pay the September 1981 and October 1981[1] installments and had failed to contradict appellant's contention that appellee had voluntarily returned the truck to appellant. In his second assignment of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment for the reason that a

---

[1] Despite the fact that the delinquency in the August payment was attributable to appellant's failure to pay the March 1981 installment as agreed, appellant contends that appellee, nonetheless, breached her contractual obligations by failing to timely pay the September installment and by failing to pay the October installment which became due during the pendency of the controversy between the parties.

material issue of fact remained as to whether the loan installments were due on the sixth or fifteenth day of the month.

Our review of the record discloses the following pertinent information: Appellant submitted an affidavit of one Harold D. Kolbe, the loan manager of the Port Clinton National Bank, in support of appellant's motion for summary judgment. In that affidavit, Kolbe stated that the installments on the loan in question were due on the sixth day of each month. Kolbe did not indicate any source for this information other than personal knowledge. Appellee, however, submitted a copy of the payment coupon for September in support of her motion for summary judgment. The coupon indicated, on its face, that the September installment was due on the fifteenth day of the month. It is undisputed that appellant paid the August 1981 and September 1981 installments on September 11, 1981. It is further undisputed that appellant, thereafter, rendered the truck unusable and, then, removed the truck from appellee's possession. In his affidavit in support of his motion for summary judgment, appellant states only that appellee agreed to permit said "repossession" to be accomplished peacefully.

Considering the foregoing and construing the evidence most strongly in appellant's favor, we find appellant's first and second assignments of error not well-taken for the following reasons:

(1) Appellee had performed as to the August 1981 installment, the delinquency therein being attributable to appellant's failure to pay the March 1981 installment for which he was responsible by virtue of the terms of the contract.

(2) Appellee's performance of her contractual obligation in September 1981 was not yet due when appellant paid the September installment, appellee having the right to rely, for purposes of determining the reasonable time for the performance of her contractual obligations, upon the schedule of payments supplied by appellant in giving appellee the payment coupon book. See R.C. 1302.22.

(3) Under these circumstances, appellant's conduct in depriving appellee of the use of the truck constituted an anticipatory repudiation of the contract entitling appellee to suspend her performance and to recover that portion of the purchase price already paid. See R.C. 1302.68 and 1302.85.

(4) The trial court, therefore, properly granted summary judgment in favor of appellee, there being no *material* issues of fact in dispute and appellee being entitled to judgment as a matter of law. See Civ. R. 56(C).

In his third assignment of error, appellant contends that the trial court erred in denying appellant's motion, filed after the trial court had announced its decision, for leave to amend his answer.

We find appellant's third assignment of error not well-taken for the reason that the trial court's denial of appellant's motion under the circumstances of this case was properly within the sound exercise of its discretion. See Civ. R. 13(F) and 15.

On consideration whereof, this court finds that substantial justice has been done the party complaining, and judgment of the Port Clinton Municipal Court is affirmed.

This cause is remanded to said court for execution of judgment and assessment of costs. Costs to appellant.

*Judgment affirmed.*

HANDWORK and RESNICK, JJ., concur.